UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTOPHER L. GARENANI,

Plaintiff,

v. 8:06-CV-433

THE COUNTY OF CLINTON;
DAVID N. FAVRO, Sheriff; and
MAJOR MICHAEL SMITH,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| APPEARANCES: | OF COUNSEL: |
| --- | --- |
| POKLEMBA & HOBBS, LLC<br>Attorneys for Plaintiff<br>358 Broadway, Suite 307<br>Saratoga Springs, New York 12866 | GARY C. HOBBS, ESQ. |
| MURPHY, BURNS, BARBER & MURPHY, LLP<br>Attorneys for Defendants<br>4 Atrium Drive<br>Executive Woods<br>Albany, New York 12205 | THOMAS K. MURPHY, ESQ. |

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

## I. INTRODUCTION

Plaintiff Christopher L. Garenani ("plaintiff") brings this action against defendants County of Clinton ("County"), Clinton County Sheriff David N. Favro ("Favro"), and Major Michael Smith ("Smith") (collectively "defendants"). Plaintiff asserts one federal cause of action for false arrest and imprisonment under the Fourth Amendment to the United States

Constitution and 42 U.S.C. § 1983 (First Cause of Action).[1] Plaintiff also asserts state law causes of action for false imprisonment (Second Cause of Action), intentional infliction of emotional distress (Third Cause of Action), negligence (Fourth Cause of Action), and reimbursement of overcharged child support (Fifth Cause of Action).

Defendants move to dismiss and/or for summary judgment under Federal Rules of Civil Procedure 12(b)(6) and 56, respectively. Plaintiff opposes. Oral argument was heard on September 28, 2007, in Albany, New York. Decision was reserved.

## II. FACTS[2]

In 1991, plaintiff and his wife were divorced. In 1994, the Clinton County Family Court ("family court") ordered plaintiff to pay $402 per week in child support to his ex-wife for the benefit of their three daughters. In 1999, that amount was increased to $451 per week based on a cost-of-living adjustment.

In November 2000, plaintiff's ex-wife filed a petition in family court alleging that plaintiff violated the order of support. A hearing examiner found that plaintiff willfully violated the order of support and recommended that he be incarcerated for ninety days, but that such period of incarceration be suspended upon plaintiff's compliance with applicable family court orders. However, the hearing examiner did reduce plaintiff's child support payment to $300 per week based on evidence that he was experiencing financial difficulties.

---

[1] In the complaint, plaintiff employs the "kitchen-sink" approach, referring to an array of constitutional concepts (e.g., "due process of law" and "equal protection") and provisions (e.g., the Fifth, Sixth Amendment, Fourteenth Amendments), while also referring generally to §1983 and the Constitution. However, as plaintiff's subsequent submissions have made clear, his First Cause of Action "for violation of the plaintiff's rights under 42 U.S.C. § 1983" is for false arrest and imprisonment under the Fourth Amendment and § 1983.

[2] The following facts are presented in a light most favorable to plaintiff. See Pt. III infra.

In September 2001, the matter was referred to family court judge Timothy Lawliss ("Judge Lawliss") for confirmation. Prior to the hearing, plaintiff moved for Judge Lawliss's recusal, alleging that Judge Lawliss had a sexual relationship with plaintiff's ex-wife in 1990. In support of that allegation, plaintiff submitted an affidavit of a former employee of his ex-wife. Judge Lawliss denied ever having a sexual relationship with plaintiff's ex-wife, rejected the affidavit on the ground that it was nine years old, and denied plaintiff's motion for recusal without an evidentiary hearing.

As to the merits of the confirmation proceeding, plaintiff, a physician, testified that he did not pay child support because, among other things, difficulties related to his medical practice rendered him unable to make the required payments. Plaintiff also testified as to his then-current financial situation, i.e., his income, expenses, etc. On September 6, 2001, at the close of the confirmation hearing, Judge Lawliss dismissed plaintiff's testimony as unbelievable, found him in contempt, and verbally ordered that he immediately be incarcerated for sixty days. Plaintiff spent five days in the county jail before the Appellate Division, Third Department, granted a stay of his term of incarceration pending the outcome of an appeal of the family court decision that plaintiff filed shortly thereafter.

In October 2001, Judge Lawliss issued a written order confirming the hearing examiner's recommendations except to the extent that the hearing examiner recommended a suspension of plaintiff's period of incarceration. Several weeks later, Judge Lawliss issued a second written order vacating the hearing examiner's reduction of plaintiff's child support payment. The second order was not in response to any motion and plaintiff was not afforded an opportunity to be heard before the issuance thereof. The next day, Judge Lawliss issued a third written order directing the State to commence suspension proceedings against

plaintiff's medical license. As with the second order, the third order was not in response to any motion and plaintiff was not afforded an opportunity to be heard before the issuance thereof.

In October 2002, the Appellate Division denied plaintiff's appeal of the family court decision for failure to perfect. The family court then issued a warrant for plaintiff's arrest and an order of commitment.

On Monday, April 11, 2005, plaintiff appeared before the family court in relation to another violation petition filed by his ex-wife and was arrested on the outstanding warrant and incarcerated in the county jail. Plaintiff claims that during his incarceration he was placed in the maximum security section with violent criminals for twenty-four hours and given only a dilapidated mattress pad and no bedding or blankets. He further claims that he was given a disposable razor that had been used by other inmates and a nineteen year-old tube of toothpaste. Plaintiff claims that he was forced to receive an injection as part of a PPD (tuberculosis) test, despite his insistence that he was a physician and he had recently tested negative for tuberculosis. Finally, he claims that he was relieved of $25 upon arriving at the jail and that it was not returned upon his release.

On Friday, April 15, 2005, plaintiff's attorneys sought and obtained an Order and Writ of Habeas Corpus from New York State Supreme Court (Warren County) Justice David Krogmann which set bail at $95,703.29 – the amount plaintiff allegedly owed in back child support and interest – and ordered that plaintiff be released from jail upon payment of that amount. At 6:00pm that day, plaintiff's attorneys sent a messenger to the county jail with the Writ signed by Judge Krogmann and a certified check for $95,703.29. However, the sergeant on duty refused to accept the check and instead contacted her supervisors

defendants Favro and Smith. Favro and Smith agreed that they could not accept the check as the Writ was signed by a Warren County judge and seemingly in conflict with the order issued by Judge Lawliss. Plaintiff was not released and his attorneys' messenger left the jail with the certified check.

The following Monday, April 18, 2005, plaintiff's attorneys contacted the County Attorney and the family court and secured plaintiff's release. Plaintiff was released from the county jail on that day.

On April 29, 2005, plaintiff and the County entered into a stipulation and order resolving plaintiff's family court matters.

Plaintiff filed this action on April 5, 2006.

## III. STANDARDS OF REVIEW

### A. Rule 56 Motion for Summary Judgment

A Rule 56 summary judgment motion will be granted only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552 (1986); Silver v. City Univ. of New York, 947 F.2d 1021, 1022 (2d Cir. 1991). The court will not try issues of fact on a motion for summary judgment, rather it will determine "whether the evidence presents a sufficient disagreement to require submission to a [fact-finder] or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512 (1986). "The party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists and that the undisputed facts establish her right to judgment as a matter of law." Rodriguez v. City of New York, 72 F.3d 1051, 1060-61 (2d Cir. 1995). A material fact is one

that would "affect the outcome of the suit under the governing law," and a dispute about a genuine issue of material fact occurs if the evidence is such that "a reasonable [factfinder] could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248, 106 S. Ct. at 2510; R.B. Ventures, Ltd. v. Shane, 112 F.3d 54, 57 (2d Cir. 1997). In determining whether a genuine issue of material fact exists, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986); Gibbs-Alfano v. Burton, 281 F.3d 12, 18 (2d Cir. 2002).

**B. Rule 12(b)(6) Motion to Dismiss**

On a Rule 12(b)(6) motion to dismiss, the allegations in the complaint are accepted as true and all reasonable inferences must be drawn in the plaintiff's favor. Grandon v. Merrill Lynch & Co., 147 F.3d 184, 188 (2d Cir. 1998); Gant v. Wallingford Bd. of Educ., 69 F.3d 669, 673 (2d Cir. 1995). However, factual allegations must be distinguished from "[c]onclusory allegations or legal conclusions masquerading as factual conclusions," as the latter will not be accepted as true. Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 236, 240 (2d Cir. 2002) (internal quotation marks omitted). The court's function on a motion to dismiss is "not to weigh the evidence that might be presented at trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). In this regard, Federal Rule of Civil Procedure 8(a) provides, in relevant part, "[a] pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief, and [ ] a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). Thus, the pleading standard is undoubtedly a liberal one. Cooper v. Parsky, 140 F.3d 433, 440 (2d Cir. 1998). In more definite terms, a

plaintiff's complaint will be dismissed for legal insufficiency only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957).

## IV. DISCUSSION

### A. Federal Claim

Defendants move to dismiss and/or for summary judgment on plaintiff's federal claim for false arrest and imprisonment on the ground that the arrest and imprisonment were effected pursuant to a facially valid arrest warrant and order of commitment and, therefore, were privileged.

The Fourth Amendment provides, in relevant part, that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV. The unreasonable seizure of a person in the form of a false arrest and imprisonment is violative of the Fourth Amendment and actionable under § 1983. The elements of a federal false arrest and imprisonment claim are substantially similar to those of a false arrest and imprisonment claim under New York law. To prove the elements of false arrest and imprisonment under New York law, the plaintiff must show that "(1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged." Bernard v. United States, 25 F.3d 98, 102 (2d Cir. 1994); see Savino v. City of New York, 331 F.2d 63, 75-76 (2d Cir. 2003); Broughton v. State, 37 N.Y.2d 451, 456-57 (1975). The existence of probable cause to arrest is a complete defense to a claim of false arrest and imprisonment; in other words, it renders the confinement privileged. Bernard, 25 F.3d at 102; Weyant v. Okst, 101 F.3d 845, 852 (2d Cir.

1996). When an arrest is made pursuant to a facially valid warrant, there is a presumption that it was made with probable cause which "can be rebutted only by a showing of fraud, perjury, or the misrepresentation or falsification of evidence." Martinetti v. Town of New Hartford Police Dep't, 112 F. Supp. 2d 251, 252-53 (N.D.N.Y. 2000) (internal quotation marks omitted).

In this case, it is undisputed that plaintiff was arrested and imprisoned pursuant to an arrest warrant and order of commitment. Plaintiff contends, however, that the arrest warrant and order of commitment were facially invalid because the order of commitment did not set forth the method by which he could purge himself of the contempt conviction.

Under New York law, "[e]very order adjudging a party guilty of a civil contempt must contain . . . a determination of what the [party] should do, or how much he should pay, if anything, in order to purge himself from contempt." Loeber v. Teresi, 256 A.D.2d 747, 749 (N.Y. App. Div. 3d Dep't 1998) (internal quotation marks omitted); see N.Y. Judiciary Law § 774(1) (McKinney 2003).

In this case, the order of commitment states that plaintiff owed "in excess of $59,000.00" in back child support. (Defs.' Notice of Mot. Ex. C.) While that is not a precise figure, it is a sufficient statement of how much plaintiff needed to pay to purge himself of the contempt conviction. Indeed, plaintiff has admitted as much: "Although the Order of Commitment does specify the amount of arrears, it fails to set forth the method by which plaintiff could purge himself of contempt." (Pl.'s Mem. 9.) Since the order of commitment contains the amount he needed to pay to purge himself from contempt, it is facially valid under New York law. See Loeber, 256 A.D.2d at 749; N.Y. Judiciary Law § 774(1). The fact

that the order of commitment did not provide specific instructions as to how plaintiff was to make the payment is of no moment. See id.

Therefore, the arrest and imprisonment were privileged because they were effected pursuant to a facially valid arrest warrant and order of commitment.

Plaintiff contends that the privilege dissipated when defendants Favro and Smith were made aware of the Order and Writ of Habeas Corpus from Justice Krogmann late in the day on Friday, April 15, 2005. However, in light of the fact that the courts and county attorney's office were closed for the weekend and there was reasonable confusion as to the legitimacy of the Order and certified check, it was not unreasonable, in this particular instance, for Favro and Smith to wait until Monday to release plaintiff. In other words, their confinement of plaintiff during that weekend did not amount to a violation of his constitutional rights. See generally, Baker v. McCollan, 443 U.S. 137, 145, 99 S. Ct. 2689, 2695 (1979); Sanchez v. Swyden, 139 F.3d 464, 468-69 (5th Cir. 1998); Burgess v. Roth, 387 F. Supp. 1155, 1162 (E.D. Pa. 1975). Since there was no constitutional violation, the County cannot be held liable pursuant to any municipal policy or custom. See Matican v. City of New York, ___ F.3d ___, 2008 WL 1808251, *3 (2d Cir. April 23, 2008).

Finally, even if plaintiff had established a constitutional violation (which he has not), defendants Favro and Smith would be entitled to qualified immunity from the federal claim. Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738 (1982).

As discussed above, plaintiff was arrested and confined pursuant to a valid arrest warrant and order of commitment. Further, neither Favro nor Smith violated clearly established constitutional rights of which a reasonable person would have known when they did not immediately release plaintiff upon receipt of the order and Writ of Habeas Corpus from Justice Krogmann late in the day on Friday, April 15, 2005.

Therefore, defendants' motion for summary judgment on plaintiff's federal claim for false arrest and imprisonment (First Cause of Action) will be granted.

**B. State Law Claims**

District courts have supplemental jurisdiction over all state law claims that are so related to federal claims over which they exercise original jurisdiction that they form part of the same case or controversy under Article III of the Constitution. 28 U.S.C. §1367(a) (2000). A district court may decline to exercise supplemental jurisdiction over state law claims if it has dismissed all the claims over which it has original jurisdiction. 28 U.S.C. § 1367(c); see also Federman v. Empire Fire & Marine Ins. Co., 597 F.2d 798, 809 (2d Cir. 1979). Because plaintiff's federal claim will be dismissed, it is appropriate to decline supplemental jurisdiction and dismiss plaintiff's state law claims without prejudice.

## V. CONCLUSION

Therefore, it is

ORDERED that

1. Defendants' motion for summary judgment on plaintiff's federal claim for false arrest and imprisonment (First Cause of Action) is GRANTED and that claim is DISMISSED; and

2. Plaintiff's state law claims (Second, Third, Fourth, and Fifth Causes of Action) are DISMISSED without prejudice.

IT IS SO ORDERED.

The Clerk is directed to enter judgment accordingly.

United States District Judge

Dated: May 12, 2008
Utica, New York.